IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K&M DEVELOPMENT, INC.,
A New Mexico corporation, and
MICHELLE DASKALOS, an individual,

       Plaintiffs,

vs.                                 No. 10 CV 0648 MV/CG

CITY OF ALBUQUERQUE, a municipal
corporation, COMMUNITY SCIENCES
CORPORATION, a New Mexico corporation,
CLIFFORD A. SPIROCK, an individual,
WILDER DESIGNS + DEVELOPMENT,
LLC, a New Mexico Limited Liability Company,
and SCHARLES T. WILDER, an individual,

       Defendants.

### MEMORANDUM OPINION AND ORDER

      **THIS MATTER** is before the Court on Rhodes & Salmon P.C.'s Motion to Intervene

and/or Reopen [Doc. 39]. The Court has considered the Motion and the relevant law, and being

otherwise fully informed of the premises **FINDS** that the Motion should be **DENIED**.

      In 2009, Plaintiffs engaged Rhodes & Salmon for the purposes of filing a lawsuit against

Defendants. During the course of this litigation, Plaintiffs decided to sue an additional

defendant, but Rhodes & Salmon was unable to prosecute this additional lawsuit. Accordingly,

Plaintiffs retained Bowles & Crow, their present counsel, to prosecute the latter suit. According

to Rhodes and Salmon, Plaintiffs wished to proceed with one law firm, so they hired Bowles &

Crow to prosecute both lawsuits. Rhodes & Salmon states that it negotiated a compromise with

Plaintiffs wherein it "released the Plaintiffs from its Contract . . . while waiting for payment on

its outstanding hourly fee billings in consideration for [Plaintiffs] giving [Rhodes & Salmon] a

Promissory Note and Assignment of Proceeds."  Doc. 39 at 4.  It further states that it incurred a significant amount of costs and fees arising out of its representation of Plaintiffs that remain unpaid.

On December 16, 2010, Magistrate Judge Garza held a settlement conference with the parties, and the minutes from this conference state that the matter was settled.  Doc. 36.  On January 4, 2011, Plaintiffs filed a Stipulated Order of Dismissal [Doc. 38].  According to Rhodes & Salmon, after this settlement, Plaintiff Michelle Daskalos authorized Bowles & Crow to disburse $43,596.22 to Rhodes & Salmon.  Rhodes & Salmon claims that to date, it has not received this disbursement and it accuses Bowles & Crow of failing to pay Rhodes & Salmon despite express authorization from Ms. Daskalos.  In the instant Motion to Intervene, Rhodes & Salmon requests that the Court allow it to file an Emergency Motion to Compel Payment wherein it seeks an order for Bowles & Crow to disperse the funds.

A Motion to Intervene must be filed pursuant to the requirements of Federal Rule of Civil Procedure 24.  This Rule describes two types of intervention: intervention of right and permissive intervention.  FED. R. CIV. P. 24(a)-(b).  Regardless of which form of intervention Rhodes & Salmon is requesting, the Rule requires that the Motion to Intervene be "timely."  *Id.* Based on this timeliness requirement, federal courts have consistently held that in order to intervene in a lawsuit, the litigation must be ongoing; intervention is not a tool whereby a non-party may revive a completed lawsuit.  *See, e.g.*, *Black v. Central Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974) ("Intervention is ancillary and subordinate to a main cause and whenever an action is terminated, for whatever reason, there no longer remains an action in which there can be intervention") (citation omitted); *Roberts v. Carrier Corp.*, 11 F.R.D. 426, 428 (N.D. Ind. 1987) ("when a lawsuit is settled and dismissed there is no existing suit within

2

the court's jurisdiction to provide a basis for permissive intervention") (citation omitted). Although "an application [to intervene] may be timely even after judgment," *United States v. Griffin*, 782 F.2d 1393, 1399 (7th Cir. 1986), courts "are extremely reluctant to allow intervention after an action has gone to judgment and intervention is only allowed on a strong showing by the applicant." *Roberts*, 11 F.R.D. at 429.

In the instant case, Rhodes & Salmon moves to intervene so that it may recover what it terms its share of the settlement proceeds. However, the Motion to Intervene is untimely, and this case presents no extraordinary circumstances. Even were the Motion timely, Rhodes & Salmon has not explained how it meets the requirements for intervention of right or permissive intervention, and the Court cannot see how either of these standards is met. *See* FED. R. CIV. P. 24(a)-(b) (requiring, respectively, that movant have "an interest relating to the property or transaction that is the subject of the action" or "a claim or defense that shares with the main action a common question of law or fact"). Rather, the Motion describes a separate contract dispute over which this Court may not assert jurisdiction, as diversity does not exist between the parties and no federal question is involved.

**IT IS THEREFORE ORDERED** that Rhodes & Salmon's Motion to Intervene and/or Reopen [Doc. 39] **IS DENIED**.

Dated: this 17th day of June, 2011.

_____
**MARTHA VÁZQUEZ**
**U.S. DISTRICT JUDGE**